# EXHIBIT A

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>JENARIOUS SCOTT,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CAMUTO GROUP, INC., and DILLARDS, INC.,<br><br>　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2021-CP-10-____<br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

　　　　　　　　　　　　　　　　　　　　**WIGGER LAW FIRM, INC.**

　　　　　　　　　　　　　　　　　　　　*s/*Jarrel L. Wigger
　　　　　　　　　　　　　　　　　　　　Jarrel L. Wigger, Esq.
　　　　　　　　　　　　　　　　　　　　S.C. Bar #: 011824
　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff
　　　　　　　　　　　　　　　　　　　　8086 Rivers Avenue
　　　　　　　　　　　　　　　　　　　　N. Charleston, SC 29406
　　　　　　　　　　　　　　　　　　　　Phone No.: (843) 553-9800
　　　　　　　　　　　　　　　　　　　　Fax No.: (843) 553-1648
　　　　　　　　　　　　　　　　　　　　Email: jwigger@wiggerlawfirm.com

North Charleston, South Carolina
this 12th day of July 2021.

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| JENARIOUS SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CAMUTO GROUP, INC., and DILLARDS, INC.,<br><br>    Defendants. | CASE NUMBER: 2021-CP-10-____<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

ONE: The Plaintiff, Jenarious Scott, is a citizen and resident of Charleston County, South Carolina.

TWO: The Defendant, Camuto Group, Inc., upon information and belief, is a limited liability company headquartered in the state of Connecticut and incorporated in the state of Ohio.

THREE: The Defendant, Dillard's, Inc. upon information and belief, is a corporation headquartered in the state of Arkansas and incorporated in the state of Delaware. Dillard's Inc. conducts business within the state of South Carolina on a regular basis through its dealers, distributors, and internet sales.

FOUR: The incident giving rise to this complaint occurred within the County of Charleston, State of South Carolina.

FIVE: The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of this Court based in part upon the provisions of the Code of Laws of South Carolina, Sec. 36-2-803, as amended.

SIX: The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court based upon the provisions of the Code of Laws of South Carolina, Sec. 36-2-803 (1)(c), as amended, commonly known as the long arm statute.

## STATEMENT OF FACTS

SIX: Defendant Camuto Group, Inc. is the manufacturer of Vince Camuto footwear. As the manufacturer of footwear, Defendant Camuto Group, Inc. is, or should be, acutely aware of the hazard of the heel of their shoes snapping and someone tumbling to the ground.

SEVEN: In designing, manufacturing, and distributing the footwear, the Defendant Camuto Group, Inc. had a duty to identify any hazards that may exist for the ultimate users of the shoes.

Following identification of hazards, the Defendant had the duty to eliminate and minimize the hazards, and if the hazards could not be minimized or eliminated, to adequately guard from any hazards, and if the hazards could not be eliminated or guarded against, to adequately warn users of any hazards.

EIGHT:  On or about December 14, 2018, Plaintiff was on the premises located at 4050 Bridge View Dr., County of Charleston, State of South Carolina.

NINE:  Plaintiff entered the building and within a few feet of entering suddenly and without warning, the heel of Plaintiff's shoes snapped right off, leading to the Plaintiff tumbling to the ground.

TEN:  The Plaintiff's injuries could have been avoided if the Defendant designed the heels properly.

ELEVEN:  Due to the defects in the shoes' design (designed by the Defendant Camuto Group, Inc.) and distributed by the Defendant Dillard's, Inc., the Plaintiff took a serious fall and was seriously injured.

TWELVE:  At all times mentioned the Plaintiff acted in a prudent and reasonable manner and in no way contributed to her injuries.

THIRTEEN:  At all times prior to her injury, the Plaintiff could not appreciate the danger the defective shoes posed to her safety.

FOURTEEN:  The Defendants had an affirmative duty to protect the Plaintiff from known dangers or dangers they created.

## JOINT AND SEVERAL LIABILITY

FIFTEEN:  The above-named Defendants are jointly and severally liable as to all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the direct and proximate cause of the Plaintiff's damages, injuries and losses.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE

SIXTEEN:  The Plaintiff reiterates each and every allegation above as if fully repeated herein.

SEVENTEEN:  All Defendants owed to the Plaintiff a duty of reasonable care.

EIGHTEEN:  All Defendants knew or should have known that the heels in question and its components were inherently dangerous products.

NINETEEN:  All Defendants knew or should have known through reasonable inspection and diligence that the shoes could and would malfunction with its anticipated use.

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

TWENTY: All Defendants held themselves out as possessing superior knowledge to that of the Plaintiff regarding the safe design and manufacture of the shoes and its component parts.

TWENTY-ONE: All Defendants owed a duty to design, construct and manufacture this and other similar products in a reasonable manner that would eliminate or lessen the chance for injuries to persons using these products.

TWENTY-TWO: All Defendants, through the use of reasonable care, could have prevented the defective condition of the shoes and its components.

TWENTY-THREE: All Defendants, in the design and manufacture of the shoes and its components, breached their duty to Plaintiff and acted negligently in the following particulars:

 a. In failing to include as a part of the basic design of the shoes, a component equipped so as to prevent the heel from snapping off;

 b. In failing to include as part of the basic design a fail-safe mechanism so as to prevent the heel from snapping off should other parts fail;

 c. In failing to include as part of the basic design of the heels, adequate instructions to users for proper use of the footwear;

 d. In failing to include as part of the basic design of the shoes, adequate warnings to users of the hazards of which it was aware of, should have been aware of, and of which users, including Plaintiff, were unaware;

 e. In failing and neglecting to take reasonable care in the design of the shoes and its components;

 f. In failing and neglecting to take out all risk of injury in the design and manufacture of the shoes and its components;

 g. In failing and neglecting to design a product meeting applicable safety requirements;

 h. In failing and neglecting to meet industry standards in the design and manufacture of the shoes and its components;

 i. In failing to design hardware so as to warn the user of a malfunction that could cause serious injury or death;

 j. In failing and neglecting to properly inspect the shoes and its components before releasing it for use by the general public; and

 k. In other particulars which discovery may show.

TWENTY-FOUR: One or more of the failures listed above were the proximate cause of Plaintiff's physical injuries.

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

TWENTY-FIVE: Such acts by all Defendants were the proximate cause of Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of Plaintiff and others using their products.

## FOR A SECOND CAUSE OF ACTION
## BREACH OF WARRANTY

TWENTY-SIX: Plaintiff reiterates each and every allegation above as if fully repeated herein.

TWENTY-SEVEN: All Defendants were negligent in the advertising, sale and distribution of this product and in breaching the warranty of this product.

TWENTY-EIGHT: All Defendants were negligent and grossly negligent in the following ways:

   a. In breaching the express warranty in violation of the Code of Laws of South Carolina, Sec. 36-2 313, as amended;

   b. In breaching the implied warranty of merchantability of the product in violation of the Code of Laws of South Carolina, Sec. 36-2 315, as amended;

   c. In breaching the implied warranty of fitness for particular purpose in violation of the Code of Laws of South Carolina, Sec. 36-2-315, as amended.

TWENTY-NINE: Such acts by the Defendants were the proximate cause of Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of Plaintiff and others using their products.

## FOR A THIRD CAUSE OF ACTION
## PRODUCT LIABILITY/STRICT LIABILITY IN TORT

THIRTY: Plaintiff reiterates each and every allegation above as if fully repeated herein.

THIRTY-ONE: All Defendants engaged in the business of manufacturing, selling and distributing shoes and its components, including as the heels that is the subject matter of this case.

THIRTY-TWO: The product and/or its components were unreasonably dangerous and constituted a hazard to the user.

THIRTY-THREE: This incident and Plaintiff's subsequent injuries could have been prevented by an appropriate change or changes in design and manufacture of the footwear and by adequate warnings and instructions for safe usage of the shoes.

THIRTY-FOUR: The product was defective and unreasonably dangerous due to improper, inadequate and deficient design and manufacture. All Defendants were negligent in the following particulars, to wit:

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

a. In designing, manufacturing, distributing, selling, and providing shoes with deficient materials which created an unlawful and hazardous condition through foreseeable use;

b. In failing to perform thorough and adequate testing, before and after manufacturing and marketing of its shoes and components to determine the potential for injury to anticipated users;

c. In failing to eliminate all hazards through the use of adequate design;

d. In failing to adequately guard against known hazards;

e. In failing to provide its distributors with adequate instructions and information as to the dangerous propensities which could foreseeably result from the use of its product as intended;

f. In failing and neglecting to take reasonable care in the design of the shoes and/or its component parts;

g. In failing and neglecting to take out all risk of injury in the manufacture of the product and components;

h. In failing and neglecting to design a product meeting applicable safety requirements;

i. In failing and neglecting to meet industry standards in the design and manufacture of the heels and/or its components;

j. In failing and neglecting to properly inspect the shoes and/or its components before releasing it for use by the general public; and

k. In failing and neglecting to recognize the risk of hazard.

THIRTY-FIVE: Such acts of all Defendants were the proximate cause of the Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the Plaintiff and others using these products.

### FOR A FOURTH CAUSE OF ACTION
### FAILURE TO WARN

THIRTY-SIX: Plaintiff reiterates each and every allegation above as if fully repeated herein.

THIRTY-SEVEN: The shoes and included components were defective and unreasonably dangerous due to improper, inadequate and deficient design and manufacture in the packaging and labeling of the products. All Defendants:

a. Failed and neglected to take out all risk of serious injury in the manufacture, packaging, and labeling of the shoes and included components;

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

b. Failed and neglected to take reasonable care in safety instructions provided with the shoes;

c. Failed to define the hazards or risks associated with the use of its product;
d. Failed and neglected to warn users of the potential hazards of the shoes;

e. Failed and neglected to meet industry standards in the design, manufacture, packaging, and labeling of the shoes;

f. Failed and neglected to design and manufacture the packaging and labeling so as to prevent injuries such as those involving the Plaintiff;

g. Failed to include, as part of the basic design of the shoes, adequate warnings to users of the hazards of which it was aware of, should have been aware of, and of which users, including the Plaintiff were unaware; and

h. Failed and neglected to warn uses of the hazards of their product.

THIRTY-EIGHT: Such acts of all Defendants were the proximate cause of the Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the Plaintiff and others wearing the heels.

THIRTY-NINE: As a direct and proximate result of the Defendants' willful, wanton, reckless, negligent, and grossly negligent conduct, the Plaintiff suffered severe physical injuries and great emotional upset and distress.

FORTY: As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care, lost wages, pain and suffering, and other incidental costs. The Plaintiff has suffered severe physical injuries, emotional upset and distress resulting in the loss of enjoyment of life.

FORTY-ONE: Plaintiff is entitled to actual and punitive damages from the Defendants, each of them, in amounts more fully set forth hereafter.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, each of them, for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other and further relieve as this Court may deem just and proper.

ELECTRONICALLY FILED - 2021 Jul 12 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

North Charleston, South Carolina
this 12th day of July 2021.

WIGGER LAW FIRM, INC.

s/ Jarrel L. Wigger
Jarrel L. Wigger, Esq.
S.C. Bar # : 011824
Attorney for the Plaintiff
8086 Rivers Avenue
N. Charleston, SC 29406
Phone No.: (843) 553-9800
Fax No.: (843) 553-1648
Email: jwigger@wiggerlawfirm.com

 **CT Corporation**

**Service of Process Transmittal**
08/16/2021
CT Log Number 540080441

| | |
|---|---|
| **TO:** | Marolyn Deakins<br>Dillard's, Inc.<br>1600 Cantrell Rd<br>Little Rock, AR 72201-1145 |
| **RE:** | **Process Served in South Carolina** |
| **FOR:** | Dillard's, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENARIOUS SCOTT, PLTF. vs. CAMUTO GROUP, INC., ET AL., DFTS. // TO: Dillard's *Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CP1003150 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/16/2021 postmarked on 08/12/2021 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | Dillard's is Dillard's, Inc. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2021, Expected Purge Date: 08/21/2021<br><br>Image SOP<br><br>Email Notification,  Marolyn Deakins  legal@dillards.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / NK

# Wigger Law Firm, Inc.

ATTORNEYS AT LAW

8086 Rivers Avenue, Suite A
North Charleston, SC 29406



CHARLESTON SC 294
AUG 2021 PM

7020 3160 0000 2203 5993



02 1P      $ 012.51⁰
0002119391    AUG 12 2021
MAILED FROM ZIP CODE 29406



Correction
02 1P    $ 0
0002119391   AU
MAILED FROM ZIP C

**Certified Mail – Return Receipt Requested**
**Restricted Delivery (7020 3160 0000 2203 5993)**
Dillard's
c/o CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC 29223

29223-594828

# Wigger Law Firm, Inc.

ATTORNEYS AT LAW

JARREL L. WIGGER*
BRICE E. RICKER
EMILY H. TONG

TIFFANY A. PALMER
EKTA PATEL

8086 Rivers Avenue, Suite A
North Charleston, SC 29406

(843) 553-9800
(843) 203-1496 Fax

August 12, 2021

Summerville
(843) 851-9900

West Ashley
(843) 203-1500

*Board Certified Civil Trial Specialist
By National Board of Trial Advocacy

**Certified Mail – Return Receipt Requested**
**Restricted Delivery (7020 3160 0000 2203 5993)**
Dillard's
c/o CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC  29223

RE:   *Jenarious Scott v. Camuto Group, Inc, Camuto, LLC, Designer Brands, Inc, and Dillards, Inc*
       Case number:   2021-CP-10-03150

Dear Sir or Madam:

Enclosed please find the *First Amended Summons and Complaint* for service upon you as the Defendant in the above-referenced matter.

Should you have any questions, please don't hesitate to call. Thank you for your attention to this matter.

Sincerely,

JLWigger
Jarrel L. Wigger

JLW/law
Enclosures

ELECTRONICALLY FILED - 2021 Aug 11 12:40 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>JENARIOUS SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMUTO GROUP, INC., CAMUTO, LLC,<br>DESIGNER BRANDS, INC., and<br>DILLARDS, INC.,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2021-CP-10-03150<br><br>**AMENDED SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

                                          **WIGGER LAW FIRM, INC.**

                                          <u>s/Jarrel L. Wigger</u><br>
                                          Jarrel L. Wigger, Esq.<br>
                                          S.C. Bar #: 011824<br>
                                          Attorney for the Plaintiff<br>
                                          8086 Rivers Avenue<br>
                                          N. Charleston, SC 29406<br>
                                          Phone No.: (843) 553-9800<br>
                                          Fax No.: (843) 553-1648<br>
                                          Email: jwigger@wiggerlawfirm.com

North Charleston, South Carolina<br>
this 11th day of August 2021.

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>JENARIOUS SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>CAMUTO GROUP, INC., CAMUTO, LLC,<br>DESIGNER BRANDS, INC., and<br>DILLARDS, INC.,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2021-CP-10-03150<br><br>**AMENDED COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

ONE: The Plaintiff, Jenarious Scott, is a citizen and resident of Charleston County, South Carolina.

TWO: The Defendant, Camuto Group, Inc., upon information and belief, is a limited liability company headquartered in the state of Connecticut and incorporated in the state of Ohio.

THREE: The Defendant, Dillard's, Inc. upon information and belief, is a corporation headquartered in the state of Arkansas and incorporated in the state of Delaware. Dillard's Inc. conducts business within the state of South Carolina on a regular basis through its dealers, distributors, and internet sales.

FOUR: The incident giving rise to this complaint occurred within the County of Charleston, State of South Carolina.

FIVE: The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of this Court based in part upon the provisions of the Code of Laws of South Carolina, Sec. 36-2-803, as amended.

SIX: The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court based upon the provisions of the Code of Laws of South Carolina, Sec. 36-2-803 (1)(c), as amended, commonly known as the long arm statute.

## STATEMENT OF FACTS

SIX: Defendant Camuto Group, Inc. is the manufacturer of Vince Camuto footwear. As the manufacturer of footwear, Defendant Camuto Group, Inc. is, or should be, acutely aware of the hazard of the heel of their shoes snapping and someone tumbling to the ground.

SEVEN: In designing, manufacturing, and distributing the footwear, the Defendant Camuto Group, Inc. had a duty to identify any hazards that may exist for the ultimate users of the shoes. Following identification of hazards, the Defendant had the duty to eliminate and minimize the hazards, and if the hazards could not be minimized or eliminated, to adequately guard from any hazards, and if the hazards could not be eliminated or guarded against, to adequately warn users of any hazards.

EIGHT: On or about December 14, 2018, Plaintiff was on the premises located at 4050 Bridge View Dr., County of Charleston, State of South Carolina.

NINE: Plaintiff entered the building and within a few feet of entering suddenly and without warning, the heel of Plaintiff's shoes snapped right off, leading to the Plaintiff tumbling to the ground.

TEN: The Plaintiff's injuries could have been avoided if the Defendant designed the heels properly.

ELEVEN: Due to the defects in the shoes' design (designed by the Defendant Camuto Group, Inc.) and distributed by the Defendant Dillard's, Inc., the Plaintiff took a serious fall and was seriously injured.

TWELVE: At all times mentioned the Plaintiff acted in a prudent and reasonable manner and in no way contributed to her injuries.

THIRTEEN: At all times prior to her injury, the Plaintiff could not appreciate the danger the defective shoes posed to her safety.

FOURTEEN: The Defendants had an affirmative duty to protect the Plaintiff from known dangers or dangers they created.

## JOINT AND SEVERAL LIABILITY

FIFTEEN: The above-named Defendants are jointly and severally liable as to all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the direct and proximate cause of the Plaintiff's damages, injuries and losses.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE

SIXTEEN: The Plaintiff reiterates each and every allegation above as if fully repeated herein.

SEVENTEEN: All Defendants owed to the Plaintiff a duty of reasonable care.

EIGHTEEN: All Defendants knew or should have known that the heels in question and its components were inherently dangerous products.

NINETEEN: All Defendants knew or should have known through reasonable inspection and diligence that the shoes could and would malfunction with its anticipated use.

TWENTY: All Defendants held themselves out as possessing superior knowledge to that of the Plaintiff regarding the safe design and manufacture of the shoes and its component parts.

TWENTY-ONE: All Defendants owed a duty to design, construct and manufacture this and other similar products in a reasonable manner that would eliminate or lessen the chance for injuries to persons using these products.

TWENTY-TWO: All Defendants, through the use of reasonable care, could have prevented the defective condition of the shoes and its components.

TWENTY-THREE: All Defendants, in the design and manufacture of the shoes and its components, breached their duty to Plaintiff and acted negligently in the following particulars:

   a. In failing to include as a part of the basic design of the shoes, a component equipped so as to prevent the heel from snapping off;

   b. In failing to include as part of the basic design a fail-safe mechanism so as to prevent the heel from snapping off should other parts fail;

   c. In failing to include as part of the basic design of the heels, adequate instructions to users for proper use of the footwear;

   d. In failing to include as part of the basic design of the shoes, adequate warnings to users of the hazards of which it was aware of, should have been aware of, and of which users, including Plaintiff, were unaware;

   e. In failing and neglecting to take reasonable care in the design of the shoes and its components;

   f. In failing and neglecting to take out all risk of injury in the design and manufacture of the shoes and its components;

   g. In failing and neglecting to design a product meeting applicable safety requirements;

   h. In failing and neglecting to meet industry standards in the design and manufacture of the shoes and its components;

   i. In failing to design hardware so as to warn the user of a malfunction that could cause serious injury or death;

   j. In failing and neglecting to properly inspect the shoes and its components before releasing it for use by the general public; and

   k. In other particulars which discovery may show.

TWENTY-FOUR: One or more of the failures listed above were the proximate cause of Plaintiff's physical injuries.

ELECTRONICALLY FILED - 2021 Aug 11 12:40 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

TWENTY-FIVE: Such acts by all Defendants were the proximate cause of Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of Plaintiff and others using their products.

## FOR A SECOND CAUSE OF ACTION
## BREACH OF WARRANTY

TWENTY-SIX: Plaintiff reiterates each and every allegation above as if fully repeated herein.

TWENTY-SEVEN: All Defendants were negligent in the advertising, sale and distribution of this product and in breaching the warranty of this product.

TWENTY-EIGHT: All Defendants were negligent and grossly negligent in the following ways:

    a. In breaching the express warranty in violation of the Code of Laws of South Carolina, Sec. 36-2 313, as amended;

    b. In breaching the implied warranty of merchantability of the product in violation of the Code of Laws of South Carolina, Sec. 36-2 315, as amended;

    c. In breaching the implied warranty of fitness for particular purpose in violation of the Code of Laws of South Carolina, Sec. 36-2-315, as amended.

TWENTY-NINE: Such acts by the Defendants were the proximate cause of Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of Plaintiff and others using their products.

## FOR A THIRD CAUSE OF ACTION
## PRODUCT LIABILITY/STRICT LIABILITY IN TORT

THIRTY: Plaintiff reiterates each and every allegation above as if fully repeated herein.

THIRTY-ONE: All Defendants engaged in the business of manufacturing, selling and distributing shoes and its components, including as the heels that is the subject matter of this case.

THIRTY-TWO: The product and/or its components were unreasonably dangerous and constituted a hazard to the user.

THIRTY-THREE: This incident and Plaintiff's subsequent injuries could have been prevented by an appropriate change or changes in design and manufacture of the footwear and by adequate warnings and instructions for safe usage of the shoes.

THIRTY-FOUR: The product was defective and unreasonably dangerous due to improper, inadequate and deficient design and manufacture. All Defendants were negligent in the following particulars, to wit:

    a. In designing, manufacturing, distributing, selling, and providing shoes with deficient materials which created an unlawful and hazardous condition through foreseeable use;

ELECTRONICALLY FILED - 2021 Aug 11 12:40 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150

 b. In failing to perform thorough and adequate testing, before and after manufacturing and marketing of its shoes and components to determine the potential for injury to anticipated users;

 c. In failing to eliminate all hazards through the use of adequate design;

 d. In failing to adequately guard against known hazards;

 e. In failing to provide its distributors with adequate instructions and information as to the dangerous propensities which could foreseeably result from the use of its product as intended;

 f. In failing and neglecting to take reasonable care in the design of the shoes and/or its component parts;

 g. In failing and neglecting to take out all risk of injury in the manufacture of the product and components;

 h. In failing and neglecting to design a product meeting applicable safety requirements;

 i. In failing and neglecting to meet industry standards in the design and manufacture of the heels and/or its components;

 j. In failing and neglecting to properly inspect the shoes and/or its components before releasing it for use by the general public; and

 k. In failing and neglecting to recognize the risk of hazard.

THIRTY-FIVE: Such acts of all Defendants were the proximate cause of the Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the Plaintiff and others using these products.

### FOR A FOURTH CAUSE OF ACTION
### FAILURE TO WARN

THIRTY-SIX: Plaintiff reiterates each and every allegation above as if fully repeated herein.

THIRTY-SEVEN: The shoes and included components were defective and unreasonably dangerous due to improper, inadequate and deficient design and manufacture in the packaging and labeling of the products. All Defendants:

 a. Failed and neglected to take out all risk of serious injury in the manufacture, packaging, and labeling of the shoes and included components;

 b. Failed and neglected to take reasonable care in safety instructions provided with the shoes;

c. Failed to define the hazards or risks associated with the use of its product;
d. Failed and neglected to warn users of the potential hazards of the shoes;

e. Failed and neglected to meet industry standards in the design, manufacture, packaging, and labeling of the shoes;

f. Failed and neglected to design and manufacture the packaging and labeling so as to prevent injuries such as those involving the Plaintiff;

g. Failed to include, as part of the basic design of the shoes, adequate warnings to users of the hazards of which it was aware of, should have been aware of, and of which users, including the Plaintiff were unaware; and

h. Failed and neglected to warn uses of the hazards of their product.

THIRTY-EIGHT: Such acts of all Defendants were the proximate cause of the Plaintiff's injuries and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the Plaintiff and others wearing the heels.

THIRTY-NINE: As a direct and proximate result of the Defendants' willful, wanton, reckless, negligent, and grossly negligent conduct, the Plaintiff suffered severe physical injuries and great emotional upset and distress.

FORTY: As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care, lost wages, pain and suffering, and other incidental costs. The Plaintiff has suffered severe physical injuries, emotional upset and distress resulting in the loss of enjoyment of life.

FORTY-ONE: Plaintiff is entitled to actual and punitive damages from the Defendants, each of them, in amounts more fully set forth hereafter.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, each of them, for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other and further relieve as this Court may deem just and proper.

WIGGER LAW FIRM, INC.

s/ Jarrel L. Wigger
Jarrel L. Wigger, Esq.
S.C. Bar #: 011824
Attorney for the Plaintiff
8086 Rivers Avenue
N. Charleston, SC 29406
Phone No.: (843) 553-9800
Fax No.: (843) 553-1648
Email: jwigger@wiggerlawfirm.com

North Charleston, South Carolina
this 11th day of August 2021.

ELECTRONICALLY FILED - 2021 Aug 11 12:40 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003150